IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUNICE C. KELLINGSWORTH,

    Plaintiff,

vs.                                                No. CIV 04-0068 JB/DJS

THOMAS LEE PHILLIPS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Remand and Request for Attorneys' Fees and Sanctions, filed February 12, 2004 (Doc. 4). The primary issue is whether a plaintiff can remove a case to federal court from state court. Because a plaintiff cannot remove a case from state court to federal court, the Court will grant the motion to remand and grant the Defendant's request for fees and costs incurred in bringing this motion. The Court will deny the request for sanctions against Plaintiff Eunice C. Kellingsworth.

## PROCEDURAL BACKGROUND

Kellingsworth is a citizen of Bernalillo County, New Mexico and of the United States. Defendant Thomas Lee Phillips has lived in the State of Texas for the last 44 years. See Affidavit of Defendant Thomas Lee ¶ 3, at 1 (executed January 19, 2004). He resides at 10178 Highway 59 North in Jefferson, Texas. See id. ¶ 4, at 1. Phillips has not lived in New Mexico and does not own any property in New Mexico. See id. ¶¶ 5-6, at 1.

Plaintiff Eunice C. Kellingsworth filed suit against Phillips in the Second Judicial District Court, County of Bernalillo, State of New Mexico, seeking damages for personal injuries allegedly

sustained in a September 21, 2001, automobile accident on Interstate 40, near milepost 15, in Oldham County, Texas. See Plaintiff's Complaint for Money Damages ¶¶ 3-7, at 1-2, filed in the Second Judicial District, County of Bernalillo, State of New Mexico September 11, 2003, and attached to the Notice of Removal, filed January 26, 2004 (Doc. 1)("Complaint"). Kellingsworth alleges that she was injured by the Defendant's negligence. All of her treating physicians and medical providers are in New Mexico.

In the Second Judicial District Court, Phillips made a special appearance with the sole and express purpose of making a jurisdictional objection and seeking dismissal of this personal injury lawsuit. Phillips filed a motion to dismiss for lack of personal jurisdiction, arguing that the Second Judicial District Court lacked jurisdiction over this case. In his motion to dismiss, Phillips pointed that due process requires that an out-of-state defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(citations omitted). Phillips argued that he lacks the requisite minimum contacts with the State of New Mexico to subject him to jurisdiction in the Second Judicial District court.

Phillips mailed his Motion to Dismiss for Lack of Jurisdiction to Kellingsworth's counsel on January 22, 2004. Kellingsworth responded to Phillips' motion to dismiss on February 9, 2004, within the time that the New Mexico Rules of Civil Procedure permits. See NMRA 2004, 1-007.1(D)("[A]ny written response . . . shall be filed within fifteen (15) days after service of the motion."). Phillips contends he did not receive or know of the response. As rule 1-007.1 directs, Phillips prepared an Order Granting Defendant's Motion to Dismiss for Lack of Jurisdiction.

Kellingsworth attempted to remove the case when she became aware that the Honorable

Geraldine E. Rivera, District Judge, might not waive the jurisdictional requirement of personal jurisdiction. Before defense counsel submitted the proposed form of order to the Honorable Geraldine E. Rivera, defense counsel received a call from Phillips. Phillips explained that he had been served a second time with the Notice of Removal and the Plaintiff's Complaint for Money Damages. While Kellingsworth's certificate of service indicates that she served Phillips' counsel, defense counsel did not receive Kellingsworths' Notice of Removal. Kellingsworth also did not give notice to the state court.

Kellingsworth removed this lawsuit to federal court. Kellingsworth's counsel did not provide notice of removal to defense counsel. While Kellingsworth's counsel has been a member in good standing with the federal court in the past, Kellingsworth's counsel is not now a member of the federal bar in good standing. Kellingsworth's counsel has not paid federal bar dues since 2000, but represents that he will pay any bar dues applicable.

Phillips' counsel makes a special appearance for the sole purpose of making this motion. Phillips' moves the Court, pursuant to 28 U.S.C. §1447(c), for an Order remanding this action to the Second Judicial District Court, County of Bernalillo, State of New Mexico. Phillips also seeks an award of reasonable attorneys' fees incurred as a result of the removal of this action to federal court. Phillips further requests sanctions against the removing party pursuant to rule 11 of the Federal Rules of Civil Procedure.

## **LEGAL ANALYSIS**

Kellingsworth lacked any legal basis to remove this lawsuit from state to federal court.

**I.    THE PARTY INITIATING THE LAWSUIT MAY NOT REMOVE A CASE.**

Congress has given the right to remove lawsuits to defendants, not to plaintiffs. See 28

U.S.C. §1441(a)("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant</u> or the defendants, to the district court of the United States.")(emphasis added). <u>Ballards Service Center v. Transue</u>, 865 F.2d 447, 449 (1st Cir. 1989); <u>Madison Bank v. Simpson</u>, 122 F.R.D. 547, 549 (E.D. Mo. 1988). The courts strictly construe §1441. <u>See</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941). District courts should not recharacterize a plaintiff as a defendant for removal purposes. <u>See</u> <u>id.</u>

Kellingsworth commenced a civil action in Second Judicial District Court by filing a complaint. <u>See</u> N.M. R. Civ. P. 1-003. Accordingly, Kellingsworth became a plaintiff and is not entitled to remove this case to federal court.

Additionally, both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. <u>See</u> <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995)("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."). "When the amount in controversy is not apparent on the face of plaintiff's state court complaint, the federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record." <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)(Baldock, J., sitting by designation). In a case originally filed in state court and removed to federal court, there is a presumption against removal jurisdiction and all doubts must be resolved against removal. <u>See</u> <u>id.</u> The party removing the case, typically the defendant, bears the burden of establishing that jurisdiction exists. <u>See</u> <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1290 (10th Cir. 2001).

"Where the complaint on its face alleges damages in excess of $75,000, that normally ends the inquiry and a federal court must exercise jurisdiction." Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d at 1111. If the complaint on its face does not specify damages in excess of $75,000, the party removing the case must establish by a preponderance of the evidence that the case meets the amount in controversy requirement. See id.; Martin v. Franklin Capital Corp., 251 F.3d at 1290.

While the Complaint does establish the existence of diversity of citizenship in this case, it does not allege an amount in controversy in excess of $75,000. See Complaint ¶ 25, at 3 ("Plaintiff's damages will be proven at trial but are over $25,000 (twenty-five thousand dollars)[.]"). The Notice of Removal, on the other hand, states "the amount in controversy is over $75,000." See Notice of Removal at 1. Kellingsworth did not point the Court to any evidence in the record establishing that the amount in controversy is greater than $75,000. She has, therefore, not met her burden to establish by a preponderance of the evidence that this Court may assert diversity jurisdiction over this matter. Thus, even if it were proper for Kellingsworth to remove this case, she has not established the Court's jurisdiction over it.

## II. ATTORNEYS FEES ARE WARRANTED.

Section 1447(c) authorizes a district court that has decided to remand a case to impose costs and actual expense, "including attorney fees," as part of an order remanding a case to state court. See, e.g., Maguire Oil Co. v. City of Houston, 143 F.3d 205, 207 (5th Cir. 1998). While the movant does not need to show, and the Court need not find, that the removing party's attempt at removal was in bad faith, Kellingsworth's attempted removal did not have a legal basis and did not comply applicable procedural law. Phillips has incurred both costs and legal expenses in bringing this motion

to remand. Accordingly, the Court will grant Phillips' request for attorney fees and costs.[1]

### III. THE COURT WILL NOT IMPOSE RULE 11 SANCTIONS.

Section 1446(a) provides that notices of removal are subject to rule 11's provisions, which permit the court to impose sanctions for inappropriate pleadings and motions. See 28 U.S.C. §1446(a); Fed. R. Civ. P. 11. Phillips contends that removal for an improper purpose supports an award of sanctions. Before filing this lawsuit in the Second District Court, Kellingsworth's counsel knew all the jurisdictional facts. See Complaint ¶¶ 2-5, at 1. He knew the case involved a Texas defendant with no connection to New Mexico.

Kellingsworth states that she, in good faith, believes that the federal court has diversity jurisdiction over the parties and the claims involved in her case. She argues that the Court should deny Phillips' request for sanctions, because she is attempting, in good faith, to seek the adjudication on the merits of her claim in a forum with jurisdiction over the parties and her claims. Kellingsworth also contends that, because the defense counsel did not enter an appearance in state court, but entered only a special appearance, she could bring her claim in federal court. Kellingsworth maintains that the spirit and purpose of the law is to allow her an opportunity to be heard on the merits of her case.

Phillips argues that Kellingsworth intended her conduct to harass Phillips. Phillips maintains that Kellingsworth's litigation conduct demonstrates a total disregard for the New Mexico Rules of Civil Procedure and the Federal Rules of Civil Procedure. Phillips contends that Kellingsworth ignored all jurisdictional requirements. Phillips states that Kellingsworth's removal lacked a legal basis and was done to prevent dismissal. Phillips argues that this willful, bad faith approach warrants

---

[1] The Court orally granted this motion at a hearing on April 9, 2004. By letter dated April 28, 2004, Phillips advised the Court that the parties had agreed on an amount of $1,000 in fees. See Letter from Megan Day Hill to the Court, dated April 28, 2004.

sanctions and attorney fees.

Based on the Court's discussion with Kellingsworth's counsel on the record at the hearing on this motion, the Court does not believe that Phillips has shown that Kellingsworth's counsel proceeded in bad faith. Further, the Court notes that it does not appear from the materials presented that Phillips has complied with the procedural requirements for filing a motion for sanctions under rule 11 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11(c)(1)(A). The Court will, therefore, deny Phillips' request for sanctions.

**IT IS ORDERED** that the Motion to Remand and Request for Attorneys' Fees and Sanctions is granted in part and denied in part. This action is remanded to the Second Judicial District court, County of Bernalillo, State of New Mexico. Defendant Thomas Lee Phillips is awarded his reasonable attorneys' fees and costs incurred as a result of the removal of this action to federal court. The Court denies Phillips' further request, pursuant to rule 11 of the Federal Rules of Civil Procedure, for sanctions against Plaintiff Eunice C. Kellingsworth.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Melchior F.R. Savarese III
Albuquerque, New Mexico

*Attorney for the Plaintiff*

William P. Gralow
Megan Day Hill
Civerolo, Gralow, Hill & Curtis, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*